HOYER & HICKS
Richard A. Hoyer (SBN 151931)
rhoyer@hoyerlaw.com
Jennifer E. McGuire (SBN 282704)
jmcguire@hoyerlaw.com
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
*tel* (415) 766-3539
*fax* (415) 276-1738

Attorneys for Plaintiff
BECKY NGUYEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY NGUYEN,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>LOCKHEED MARTIN CORPORATION and DOES 1-10,<br><br>　　　　　　Defendants, | Case No. 3:16-cv-3780<br><br>**COMPLAINT FOR DISABILITY DISCRIMINATION AND AGE DISCRIMINATION**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Becky Nguyen ("Plaintiff") brings this action against Defendant Lockheed Martin Corporation ("Defendant" or "Lockheed"), and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

　　　　1.　　Plaintiff was, at all relevant times herein, a resident of the State of California and employed by Defendant, through its subsidiary Lockheed Martin Information Systems & Global Solutions ("IS&GS") to work at its facility in Sunnyvale, California.

　　　　2.　　Defendant Lockheed is a Maryland corporation headquartered in Bethesda, Maryland.

**COMPLAINT FOR DISABILITY DISCRIMINATION AND AGE DISCRIMINATION**　　　　　　1

3.	Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1–10 and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true identity and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and thereby proximately caused Plaintiff's injuries alleged herein.

4.	Plaintiff is informed and believes, and on that basis alleges, that, at all relevant times, each of the Defendants was the agent or employee of each of the remaining Defendants, and, in doing the things herein alleged was acting within the course and scope of such employment, and that Defendants authorized ratified, and approved, expressly or implicitly, all of the conduct alleged herein.

5.	Jurisdiction over Plaintiff's claims is based upon diversity jurisdiction pursuant to 29 U.S.C. § 1332. The amount in controversy is well over $75,000. Plaintiff is a citizen of the State of California, while Defendant is a corporate citizen of the State of Maryland.

6.	Venue in this District is proper pursuant to 28 U.S.C. §1391(b), as Defendant has been actively conducting business in this District, and because essentially all of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of California.

7.	Plaintiff has timely complied with all prerequisites to suit and has exhausted her administrative remedies.  On December 26, 2015, she filed a complaint with the Department of Fair Employment and Housing ("DFEH"), including claims of disability discrimination and age discrimination.  DFEH issue Plaintiff her Right to Sue on March 16, 2016.

## FACTUAL ALLEGATIONS

8.  Defendant Lockheed is a global security and aerospace company that employs approximately 125,000 people worldwide and is principally engaged in the research, design, development, manufacture, integration and sustainment of advanced technology systems, products and services.

9.  Defendant's corporate structure is organized around its core business areas, one of which information technology. IS&GS provides information technology consulting and enterprise solutions to federal agencies and corporate clients.

10.  Plaintiff began working for Lockheed in 1985. She is 56 years old. Prior to her layoff, Plaintiff suffered a severe stroke on July 26, 2012. This bleeding stroke caused anxiety, depression, insomnia, balance problems, dizziness, frequent headaches, altered vision, and loss of appetite. Plaintiff's manager at the time, Jeff Snyder, granted Plaintiff's request for disability leave following her stroke. While on disability leave, Snyder retired and William Eagan became Plaintiff's new manager.

11.  In early 2013, Eagan frequently called Plaintiff to inquire when she would return to work. During these conversations, Eagan indicated that he thought Plaintiff was enjoying her time on disability when, in reality, she was fighting sickness and struggling during the recovery process. Plaintiff returned to work on February 15, 2013 as a Staff System Engineer for the Milstar and Advanced Extremely High Frequency ("AEHF") programs.

12.  When Plaintiff returned to work in February 2013, Lockheed was conducting its annual PRS performance reviews. Plaintiff did not receive a 2012 performance review. Rather up and until early 2015, Plaintiff's 2012 performance review reflected an "incomplete" status when she logged into the internal performance review platform (LMS

Commit). In fact, because her review was incomplete Plaintiff did not receive her promised pay raise for 2012. However, when she was laid off in June 2015, Lockheed issued Plaintiff back pay reflecting her promised 2012 pay raise.

13. Plaintiff's 2013 performance review was outstanding. She exceeded expectations and Eagan commented that Plaintiff's work "[has] been error-free and on schedule" and that she "provided excellent training" to a fellow co-worker.

14. In early 2014, around the time Plaintiff received her 2013 performance review, Eagan told Plaintiff that her name was listed on a proposal contract for AEHF program flights 4, 5, 6. He also stated that her employment on the AEHF program would likely last four to five more years. Lockheed's client received proposals (and later signed contracts) based upon the cost of Plaintiff's pay grade.

15. On November 26, 2014, Plaintiff received an email from Eagan's manager, John Roger, stating that negotiations for the contracts Plaintiff worked under were complete. Roger stated that all positions for these programs, including Plaintiff's position, were "fully funded." These contracts–the MOO&LSS Extension contract and AEHF Extension contract—covered Plaintiff's tasks for Milstar and AEHF On-Orbit flights from December 2014 to June 2015. Further, an additional contract, the COOLS contract, addressed continuing contracts for MOO&LSS and AEHF and would provide funding for Plaintiff's work on Milstar and AEHF On-Orbit flights from June 2015 to November 2019.

16. Despite Eagan's prediction that Plaintiff's employment on Milstar and AEFH On-Orbit flights would last four to five years and Roger's news that there was full funding for Plaintiff's position well into the future, Lockheed issued her a layoff notice in late 2014.

17. On December 5, 2014, Lockheed issued Plaintiff the first of two WARN notices. The first WARN notice designated February 5, 2015 as her expected layoff date.

**COMPLAINT FOR DISABILITY DISCRIMINATION AND AGE DISCRIMINATION** 4

On or around December 5, 2014, Eagan told Plaintiff that funding constraints were the reason for her layoff. Specifically, Eagan stated that Amanda Burgess had no funding for him, so he had to lay Plaintiff off. Burgess is a Lockheed Martin Space System Company ("SSC") manager and a Lockheed Contract Account Manager ("CAM"). Burgess manages nineteen employees, eight of which are Plaintiff's database counterparts. Burgess also funds Plaintiff's job assignments, controls her tasks, and schedules her work. Burgess writes, proposes, and negotiates contracts with potential clients of Lockheed as a CAM. Burgess' stated reason of funding constraints runs in stark contradiction to Roger's statement that the Milstar and AEHF programs were fully funded. Rogers made this statement in an email just days before Burgess deemed funding constraints as the reason for Plaintiff's layoff.

18.   On December 10, 2014, only five days after Lockheed issued Plaintiff a WARN notice, Plaintiff learned of an open Senior Software Engineer position (Job 305299BR) in her group that was nearly identical to her job position at the time. Plaintiff learned that Burgess served as the hiring manager for this open position. Both Plaintiff's position and the open position had the same basic qualifications, job descriptions, and typical minimum requirements. The only difference between the two positions was the Senior Software Engineer's desired skill of Java, a skill Plaintiff's manager Eagan stated she could easily learn on the job. Concerned, Plaintiff asked Eagan why Burgess would hire a new employee for the same position she occupied. Eagan agreed that the positions were substantially the same and would inquire with Burgess. Further, Plaintiff told Eagan she would apply for the Senior Software Engineer position in an email on December 18, 2014. However, Eagan later told Plaintiff that Burgess already found someone for the new position. Given the adequate funding for Plaintiff's then-current position and the open

**COMPLAINT FOR DISABILITY DISCRIMINATION AND AGE DISCRIMINATION**                    5

Senior Software Engineer position, the funding constraints Burgess deemed as the reason for Plaintiff's layoff served merely as a pretext.

19. Lockheed thereafter hired Brian Snodgrass, a 35 year-old Caucasian male, for the Senior Software Engineer position that was virtually identical to Plaintiff's role.

20. Plaintiff sent an informal complaint on December 16, 2014, to Eagan and Joe Franks, a SCC manager who also serves as Plaintiff's functional manager, documenting her complaint that despite full funding for her position and an open identical position, she was being laid off and replaced with a younger, Caucasian, male.  Plaintiff later escalated her concerns to Lockheed's Human Resources and Ethics departments.  She met with SSC Human Resources representative Jacqueline Monroe and IS&GS Human Resources representative Nilda Ramirez (who called in from Colorado and is also known as Nilda Vazquez-Lozada) on January 9, 2015.  During this brief meeting, these individuals stated that Lisa Coleman would investigate Plaintiff's claim.

21. During the investigation, Lockheed issued Plaintiff a second WARN notice dated February 25, 2015 and indicated June 30, 2015 would be the new expected layoff date.  Plaintiff did not receive any formal resolution in the months following the January meeting.  She therefore sent a follow-up email to Monroe, Ramirez, and Coleman on March 2, 2015 requesting that Human Resources and Ethics complete its investigation in the next three months due to her approaching layoff date.  Coleman eventually called Plaintiff on March 10, 2015 and stated she found no wrongdoing.  Coleman also told Plaintiff during the course of the investigation that Lockheed also terminated three of Plaintiff's co-workers, all of whom were older in age.  However, Evelyn Hunt returned a "no wrongdoing" verdict on behalf of Lockheed on May 13, 2015.

**COMPLAINT FOR DISABILITY DISCRIMINATION AND AGE DISCRIMINATION**                                                6

22. Plaintiff thereafter requested a copy of her personnel file on May 18, 2015. After reviewing her file, Plaintiff learned that her personnel file had been altered. She notified Lockheed of the alterations to her 2012, 2013, and 2014 performance reviews in June 2015. Plaintiff retained hardcopies of her performance reviews, which show that Lockheed altered her performance reviews during the course of its discrimination investigation by Human Resources and Ethics. Lockheed's attempts to alter and degrade Plaintiff's performance reviews after she received outstanding marks and comments indicate an attempt to fabricate a reason for her layoff.

## FIRST CAUSE OF ACTION
### Disability Discrimination
### Gov. Code § 12940(a)

Plaintiff realleges and fully incorporates herein each and every allegation of the preceding paragraphs.

23. Defendant's actions and omissions alleged herein constitute disability discrimination against Plaintiff in violation of Government Code § 12940(a).

24. As a direct result of Defendant's unlawful employment practices alleged above, Plaintiff has suffered lost wages, severe emotional distress, physical pain and suffering, and injuries in an amount to be proven at trial.

25. Defendant's actions and omissions, as alleged above, constitute oppression, fraud, and/or malice within the meaning of Civil Code § 3294 in that Defendant committed its acts and omissions with an intention to cause injury to Plaintiff and/or with a willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to an award of exemplary or punitive damages.

26. As a further result of Defendant's violation, Plaintiff has been compelled to employ attorneys and is entitled to attorney's fees pursuant to Government Code § 12965(b).

## SECOND CAUSE OF ACTION
### Age Discrimination
### Gov. Code § 12940(a)

Plaintiff realleges and fully incorporates herein each and every allegation of the preceding paragraphs.

27. Defendant's actions and omissions alleged herein constitute age against Plaintiff in violation of Government Code § 12940(a).

28. As a direct result of Defendant's unlawful employment practices alleged above, Plaintiff has suffered lost wages, severe emotional distress, physical pain and suffering, and injuries in an amount to be proven at trial.

29. Defendant's actions and omissions, as alleged above, constitute oppression, fraud, and/or malice within the meaning of Civil Code § 3294 in that Defendant committed its acts and omissions with an intention to cause injury to Plaintiff and/or with a willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to an award of exemplary or punitive damages.

30. As a further result of Defendant's violation, Plaintiff has been compelled to employ attorneys and is entitled to attorney's fees pursuant to Government Code § 12965(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For an award of damages to Plaintiff against Defendant for its discriminatory discharge of Plaintiff, including compensatory damages, emotional and physical distress,

and for any punitive or penalty damages allowed under California law;

2. All applicable statutory penalties;

3. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

4. A declaratory judgment that Defendants' discriminated against Plaintiff in violation of FEHA;

5. Pre- and post-judgment interest, as provided by law;

6. For an order awarding Plaintiff liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to her, together with interest on these amounts, according to proof;

**7.** Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.

Date: July 6, 2016

HOYER & HICKS

Richard A. Hoyer
Jennifer E. McGuire
Attorneys for Plaintiff
BECKY NGUYEN

**COMPLAINT FOR DISABILITY DISCRIMINATION AND AGE DISCRIMINATION**       9