MICHAEL W. FOSTER (State Bar No. 127691)
MICHAEL E. WILBUR (State Bar No. 152361)
TAMMY A. BROWN (State Bar No. 172612)
FOSTER EMPLOYMENT LAW
3000 Lakeshore Avenue
Oakland, California 94610
Telephone: (510) 763-1900
Facsimile: (510) 763-5952

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY NGUYEN,<br><br>Plaintiff,<br><br>vs.<br><br>LOCKHEED MARTIN CORPORATION, and DOES 1-10,<br><br>Defendants. | Case No. 5:16-cv-03780-NC<br><br>**LOCKHEED MARTIN CORPORATION'S AMENDED ANSWER TO COMPLAINT** |

1. Answering paragraph 1, Defendant admits the allegations contained therein.

2. Answering paragraph 2, Defendant admits the allegations contained therein.

3. Answering paragraph 3, Defendant lacks knowledge and information sufficient to admit or deny the allegations contained therein, and on that basis, Defendant denies each and every allegation contained therein.

4. Answering paragraph 4, Defendant lacks knowledge and information sufficient to admit or deny the allegations contained therein, and on that basis, Defendant denies each and every allegation contained therein.

5. Answering paragraph 5, Defendant admits only that Defendant is a citizen of the State of Maryland. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in paragraph 5, and on that basis, Defendant denies each and every allegation contained therein.

1

NGUYEN V. LOCKHEED MARTIN CORPORATION                                             CASE NO. 5:16-CV-03780-NC
LOCKHEED MARTIN'S AMENDED ANSWER TO COMPLAINT

6. Answering paragraph 6, Defendant admits the allegations contained therein.

7. Answering paragraph 7, Defendant lacks knowledge and information sufficient to admit or deny the allegations that Plaintiff filed a DFEH Complaint and received a right-to-sue notice, the alleged contents of her DFEH Complaint, and the alleged dates on which Plaintiff allegedly filed a DFEH Complaint and received a right-to-sue, and on that basis, Defendant denies those allegations. Defendant denies that Plaintiff timely complied with all prerequisites to suit and has exhausted her administrative remedies.

8. Answering paragraph 8, Defendant admits the allegations contained therein.

9. Answering paragraph 9, Defendant admits the allegations contained therein were true at the time of Plaintiff's employment. Since that time, IS&GS has ceased to exist.

10. Answering paragraph 10, Defendant admits only that Plaintiff is 56 years old, that Plaintiff took a period of leave during her employment at Lockheed Martin, that Jeff Snyder retired, and that Bill Egan became Plaintiff's manager. Defendant lacks knowledge and information sufficient to admit or deny the allegations that Plaintiff suffered a stroke and the alleged symptoms Plaintiff experienced, and on that basis, Defendant denies those allegations. Defendant denies each and every remaining allegation contained in paragraph 10.

11. Answering paragraph 11, Defendant admits only that Plaintiff returned to work on February 15, 2013 as a Staff System Engineer for the Milstar and Advanced Extremely High Frequency ("AEHF") programs. Defendant denies each and every remaining allegation contained in paragraph 11.

12. Answering paragraph 12, Defendant admits only that Plaintiff returned to work in February 2013 and did not receive a 2012 performance review at that time. Defendant denies each and every remaining allegation contained in paragraph 12.

13. Answering paragraph 13, Defendant admits only that Egan (misspelled as "Eagan" in the complaint) made the comments attributed to him in Plaintiff's performance review. Defendant denies each and every remaining allegation contained therein.

14. Answering paragraph 14, Defendant denies each and every allegation contained therein.

15. Answering paragraph 15, Defendant denies each and every allegation contained therein.

16. Answering paragraph 16, Defendant admits only that Plaintiff was issued a WARN Notice in late 2014. Defendant denies each and every remaining allegation in paragraph 16.

17. Answering paragraph 17, Defendant admits only that on December 5, 2014, Plaintiff was issued the first of two WARN notices; the first WARN notice designated February 5, 2015 as her expected layoff date; and on or around December 5, 2014, Egan told Plaintiff that funding constraints were the reason for her layoff. Defendant denies each and every remaining allegation in paragraph 17.

18. Answering paragraph 18, Defendant admits only that Plaintiff was informed by Egan on December 10, 2014 of a Senior Software Engineer position for which Burgess was the hiring manager. However, Plaintiff told Egan on December 10, 2014 that she did not meet the qualifications for that position and she asked Egan not to talk to Burgess on her behalf about that job. Defendant denies each and every remaining allegation in paragraph 18.

19. Answering paragraph 19, Defendant admits only that Snodgrass is Caucasian. Defendant denies each and every remaining allegation in paragraph 19.

20. Answering paragraph 20, Defendant admits the allegations contained therein.

21. Answering paragraph 21, Defendant admits only that Lockheed issued Plaintiff a second WARN notice dated February 25, 2015 and indicated June 30, 2015 would be the new expected layoff date; Plaintiff sent a follow-up email to Monroe, Ramirez, and Coleman on March 2, 2015 requesting that Human Resources and Ethics complete its investigation in the next three months due to her approaching layoff date; Coleman called Plaintiff on March 10, 2015 and stated she found no wrongdoing; and Evelyn Hunt also found that no wrongdoing had occurred. Defendant denies each and every remaining allegation in paragraph 21.

22. Answering paragraph 22, Defendant admits only that Plaintiff requested her personnel file. Defendant denies each and every remaining allegation in Paragraph 22.

23. Answering paragraph 23, Defendant denies each and every allegation contained therein.

24. Answering paragraph 24, Defendant denies each and every allegation contained therein.

25. Answering paragraph 25, Defendant denies each and every allegation contained therein.

26. Answering paragraph 26, Defendant denies each and every allegation contained therein.

27. Answering paragraph 27, Defendant denies each and every allegation contained therein.

28. Answering paragraph 28, Defendant denies each and every allegation contained therein.

29. Answering paragraph 29, Defendant denies each and every allegation contained therein.

30. Answering paragraph 30, Defendant denies each and every allegation contained therein.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested or any other relief.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing denials and defenses, Defendant as and for its Affirmative Defenses to the Complaint herein, alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. As and for a first affirmative defense, Defendant asserts that Plaintiff's Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Privilege and Justification)

2. As and for a second affirmative defense, Defendant asserts that its actions were at all times privileged or justified.

### THIRD AFFIRMATIVE DEFENSE
(Waiver, Estoppel, and Acquiescence)

3. As and for a third affirmative defense, Defendant asserts that the Complaint is barred in whole or in part by the doctrines of waiver, estoppel, and acquiescence.

### FOURTH AFFIRMATIVE DEFENSE
(Plaintiff's Own Acts or Omissions)

4. As and for a fourth affirmative defense, Defendant asserts that if any damage was actually suffered by Plaintiff, it was directly or proximately caused by the acts, omissions, carelessness, or negligence of Plaintiff or her agents, and any recovery that Plaintiff could be entitled to should be eliminated or reduced to the extent that said alleged damages are attributable to said acts, omission, carelessness, or negligence.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

5. As and for a fifth affirmative defense, Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed and continues to fail to act reasonably to mitigate her alleged damages, so that Plaintiff's claims are thereby barred in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE

(Punitive Damages)

6. As and for a sixth affirmative defense, Defendant asserts that Plaintiff has failed to plead facts showing an entitlement to punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

7. As and for a seventh affirmative defense, Defendant asserts that Plaintiff's claims may be barred, and/or her recovery of damages barred or diminished, pursuant to the doctrine of after-acquired evidence, to the extent that Defendant's investigation and discovery in this matter produces evidence showing that Plaintiff engaged in misconduct and/or made materially false or misleading statements.

## EIGHTH AFFIRMATIVE DEFENSE

(Laches/ Unclean Hands)

8. As and for an eighth affirmative defense, Defendant asserts that Plaintiff is barred from recovery under the doctrine of laches and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

9. As and for a ninth affirmative defense, Defendant asserts that Plaintiff's claims are barred, or any damages she may be entitled to are diminished, by the doctrine of avoidable consequences.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

10. As and for a tenth affirmative defense, Defendant asserts that Plaintiff's claims are

barred to the extent that Plaintiff failed to exhaust her administrative remedies in a timely manner.

## ELEVENTH AFFIRMATIVE DEFENSE

(Limitations Period)

11. As and for an eleventh affirmative defense, Defendant asserts that Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred in whole or in part by the applicable limitations periods, including, but not limited to, California Government Code section 12960(d).

## TWELFTH AFFIRMATIVE DEFENSE

(Mixed Motive)

12. As and for a twelfth affirmative defense, Defendant asserts that, to the extent that unlawful reasons were substantial motivating factors in any decision about which Plaintiff complains, which Defendant denies, legitimate reasons, standing alone, would have induced Defendant to make the same employment decisions.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Utilize Preventative or Corrective Measures)

13. As and for a thirteenth affirmative defense, Defendant asserts that to the extent Defendant had any obligation to do so, Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior in that Defendant at all relevant times had an anti-discrimination policy and an effective complaint procedure that was communicated to all employees and strictly enforced. Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities or unreasonably failed to otherwise avoid harm.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Liability for Punitive Damages)

14. As and for a fifteenth affirmative defense, Defendant asserts that Plaintiff's claim for punitive damages fails because Defendant maintains and enforces a policy prohibiting discrimination and retaliation, and makes good faith efforts to prevent discrimination and retaliation.

///

///

6

NGUYEN V. LOCKHEED MARTIN CORPORATION                    CASE NO. 5:16-CV-03780-NC
LOCKHEED MARTIN'S AMENDED ANSWER TO COMPLAINT

### Reservation of Right to Plead Additional Affirmative Defenses

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, available affirmative defenses. Defendant hereby expressly reserves the right to assert additional affirmative defenses in the event that its investigation and discovery indicate that such additions would be appropriate.

W H E R E F O R E , Defendant prays that Plaintiff take nothing from her Complaint, that Defendant have recovery of its fees and costs of suit herein incurred, and for such other and further relief as may be just and proper.

DATED: October 31, 2016            FOSTER EMPLOYMENT LAW


By:  /S/ TAMMY A. BROWN
    MICHAEL W. FOSTER
    MICHAEL E. WILBUR
    TAMMY A. BROWN
    Attorneys for Defendant
    LOCKHEED MARTIN CORPORATION